| | | |
|---|---|---|
| **CANDACE MCLAREN LANHAM**<br>*Chief Deputy Attorney General* | <br>**STATE OF MARYLAND**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>**CIVIL DIVISION**<br><br>**ANTHONY G. BROWN**<br>*Attorney General* | **JULIA DOYLE**<br>*Chief of Litigation* |
| **CAROLYN A. QUATTROCKI**<br>*Deputy Attorney General* | | **PETER V. BERNS**<br>*General Counsel* |
| **LEONARD J. HOWIE III**<br>*Deputy Attorney General* | | **CHRISTIAN E. BARRERA**<br>*Chief Operating Officer* |
| **ZENITA WICKHAM HURLEY**<br>*Chief, Equity, Policy, and Engagement* | | **JEFFREY S. LUOMA**<br>*Assistant Attorney General* |

(410) 576-6441                                                                                                           jluoma@oag.state.md.us

October 15, 2024

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane
Suite 245
Greenbelt, Maryland 20770

      Re:    Notice of Intent to File a Motion
                  *General Conference of Seventh-Day Adventists, et al. v. Cleveland L. Horton, II, et al.*, Case No. 8:24-cv-02866-TDC

Dear Judge Chuang:

      In accordance with the Case Management Order issued in this case (ECF 21), Defendants file this letter to seek a pre-motion conference regarding an intended motion to dismiss the complaint, and to propose an agreed-upon briefing schedule for that motion and for Plaintiffs' already-filed motion for preliminary injunction. The parties have conferred about the matters discussed in this letter.

### I.    Introduction

      Plaintiffs' complaint (ECF 1) challenges the constitutionality of the Maryland Fair Employment Practices Act ("MFEPA"). The MFEPA prohibits discrimination in employment based on a series of enumerated characteristics. including religion and sexual orientation. Md. Code Ann., State Gov't § 20-606(a)(1)(i) (LexisNexis 2021). It does not apply, however, to religious organizations "with respect to the employment of individuals of a particular religion, sexual orientation, or gender identity to perform work connected with the activities of the religious entity." *Id.* § 20-604(b). In *Doe v. Catholic Relief*

The Honorable Theodore D. Chuang
October 15, 2024
Page 2 of 3

*Services*, 484 Md. 640 (2023), the Supreme Court of Maryland interpreted this exemption as barring only "claims brought by employees who perform duties that directly further the core mission (or missions) of the religious entity." 484 Md. at 667.

Plaintiffs allege that they require all employees, regardless of their duties or job title, to be members of the Seventh-Day Adventist Church and adhere to certain Church teachings. (ECF 1 ¶¶ 3, 72.) Plaintiffs believe that their hiring practices for certain functions not typically deemed religious, such as building and grounds maintenance, would violate the MFEPA as interpreted by *Catholic Relief Services*. (ECF 1, ¶¶ 5, 72.)

The complaint alleges that, so interpreted, the MFEPA violates the Establishment Clause, Free Exercise Clause, and Free Assembly Clause, and that it is unconstitutionally vague. Plaintiffs also have moved to preliminary enjoin Defendants from taking certain investigative and enforcement steps with respect to their hiring practices.

II.   **Anticipated Basis for Defendants' Motion to Dismiss**

Defendants anticipate moving to dismiss on at least the grounds summarized below:

- "Church Autonomy" (Count I): The doctrine of church autonomy does not shield Plaintiffs from the antidiscrimination requirements challenged here. In the context of employment decisions, the doctrine is limited to the "ministerial exception," which shields a religious organization's ability "to select, supervise, and if necessary, remove a minister." *Our Lady of Guadalupe School v. Morrissey-Berru*, 591 U.S. 732, 747 (2020); *see id.* at 751-56 (addressing how to determine whether a role falls within the ministerial exception). Plaintiffs' challenge, however, concerns circumstances well outside the ministerial exception.

- "Excessive Entanglement" (Count II): For similar reasons, the MFEPA does not constitute excessive entanglement. In addition, the material burdens the MFEPA may impose are little different from the compliance burdens that any statute imposes on any employer. And the inquiry into whether a particular employee's duties directly further Plaintiffs' core religious mission does not itself unduly entangle the State in their religious decisionmaking.

- "Not Generally Applicable" (Count III): The MFEPA is generally applicable and does not burden plaintiffs more than comparable secular employers. If anything, the exception in the MFEPA for religious entities grants Plaintiffs more protection against discrimination claims than non-religious employers. In addition, the MFEPA does not favor one religion over another.

The Honorable Theodore D. Chuang
October 15, 2024
Page 3 of 3

- "Expressive Association" (Count V) and "Right of Assembly" (Count VI): Laws prohibiting discrimination in employment, like the MFEPA, do not violate the First Amendment rights to expressive association or assembly. Employment is distinct from "expressive association" and "assembly," and to hold otherwise in this case could swallow up large swaths of antidiscrimination law.

- "Unconstitutional Vagueness" (Count VII): The MFEPA, as interpreted in *Catholic Relief Services*, is not unconstitutionally vague. Even though it eschews bright-line rules, the Supreme Court of Maryland's interpretation of the MFEPA in *Catholic Relief Services* is no vaguer than, for instance, the ministerial exception that the Supreme Court articulated in *Our Lady of Guadalupe School*.

### III. Proposed Briefing Schedule and Page Limits

The parties have agreed to the following proposed briefing schedule and page limits for the motion for preliminary injunction and motion to dismiss:

Nov. 11, 2024:   Defendants' Consolidated Motion to Dismiss and Opposition to Motion for Preliminary Injunction (40 pages)

Dec. 9, 2024:    Plaintiffs' Consolidated Opposition to Motion to Dismiss and Reply in Support of Motion for Preliminary Injunction (40 pages)

Dec. 24, 2024:   Defendants' Reply in Support of Motion to Dismiss (20 pages)

### IV. Conclusion

Defendants ask that this Court (1) grant leave to file a motion to dismiss; and (2) adopt the briefing schedule and page limits proposed by the parties.

Respectfully yours,

/s/ Jeffrey S. Luoma

Jeffrey S. Luoma
Assistant Attorney General

cc:   Eric Baxter (by email)