IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, *an unincorporated association, et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CLEVELAND L. HORTON, II, *in his official capacity as Acting Executive Director of the Maryland Commission on Civil Rights, et al.*,<br><br>*Defendants*. | Case No. 8:24-cv-02866<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

As discussed at oral argument, Prelim. Inj, Hr'g Tr. 79, Plaintiffs provide supplemental authorities confirming that ruling for them would not bar future pretext claims against religious institutions. In *Geary v. Visitation of Blessed Virgin Mary Parish School*, the school fired a teacher for "violat[ing] church doctrine by marrying a divorced man." 7 F.3d 324, 326 (3d. Cir. 1993). She alleged age discrimination. *Id*. The court agreed the First Amendment often bars claims where "a religious tenet or practice … motivate[s] a challenged employment action." *Id*. at 325; *cf. Starkey v. Archdiocese of Indianapolis*, 41 F.4th 931, 946 (7th Cir. 2022) (Easterbrook, J., concurring) (Title VII exemption "permits a religious employer to require the staff to abide by religious rules"). But an employee may always proceed by asking "no more than whether the proffered religious reason actually motivated the employment action." *Geary*, 7 F.3d at 325. Such pretext may be shown, "for example," by demonstrating that "similarly [acting] persons had not been fired … or

that [the religious institution's] explanation did not emerge until late in the litigation." *Id.* at 332. This applies even where a plaintiff concedes violating religious expectations. *Hamilton v. Southland Christian Sch.*, 680 F.3d 1316, 1317, 1320-21 (11th Cir. 2012) (finding pretext despite admission teacher conceived child "before getting married"). Multiple cases confirm that, even where religious protections permit adverse employment actions based on religious conduct (not just co-religionist status), plaintiffs may still prevail on pretext. *See, e.g.*, *DeMarco v. Holy Cross High Sch.*, 4 F.3d 166, 171 (2d Cir. 1993); *Boyd v. Harding Acad. of Memphis*, 88 F.3d 410, 414 (6th Cir. 1996); *Redhead v. Conf. of Seventh-day Adventists*, 440 F. Supp. 2d 211, 222-23 (E.D.N.Y. 2006).[1] Granting Plaintiffs' claims would not change this rule. *Fitzgerald v. Roncalli High Sch.*, 73 F.4th 529, 536 (7th Cir. 2023) (Brennan, J., concurring) (even under broad reading of religious exemption, "pretext inquiry … should apply to the employer's proffered religious rationale").

Dated: March 5, 2025

Todd R. McFarland
D. Md. Bar No. 28777
GENERAL CONFERENCE OF SEVENTH-
DAY ADVENTISTS
12501 Old Columbia Pike
Silver Spring, MD 20904
*mcfarlandt@gc.adventist.org*

Respectfully submitted,

/s/ Eric S. Baxter
Eric S. Baxter (D. Md. Bar No. 15640)
Nicholas R. Reaves (D. Md. Bar No. 31293)
Andrea R. Butler (pro hac vice)
Kelsey Baer Flores (pro hac vice)
THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave, N.W.
  Suite 400
Washington, DC 20006
(202) 955-0095
*ebaxter@becketfund.org*

*Counsel for Plaintiffs*

---

[1] Under *Hosanna-Tabor*, these cases might today be resolved via the ministerial exception. At the time, the courts declined to consider the doctrine or held it didn't apply.

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, a copy of the foregoing document was served on counsel for all Defendants via this Court's CM/ECF system.

Dated: March 5, 2025                               /s/ Eric S. Baxter
                                                   Eric S. Baxter