**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GENERAL CONFERENCE OF | * |
| SEVENTH-DAY ADVENTISTS, ET AL., | * |
| | * |
| *Plaintiffs,* | * |
| | * |
| v. | * |
| | * |
| CLEVELAND L. HORTON, II, ET AL. | * |
| | * |
| *Defendants.* | * |
| | * |

Case No. 8:24-cv-02866-TDC

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs have submitted *Gracehaven, Inc. v. Montgomery County Department of Job and Family Services*, No. 3:24-CV-325, 2025 WL 1158079 (S.D. Ohio Apr. 21, 2025), as supplemental authority in support of their motion for preliminary injunction. (ECF 37.) *Gracehaven*, however, does not support plaintiffs' claims.

In *Gracehaven*, a nonprofit religious organization had a contract with the defendant county under which the organization took foster care placements. 2025 WL 1158079, at *1. The organization had a policy of hiring only coreligionists, and the county chose not to renew the contract due to that policy. *Id.* at *2. The district court granted a preliminary injunction on free exercise grounds, applying strict scrutiny because the county had "exclude[d] religious observers from otherwise available public benefits"—here, foster care funds. *Id.* (quoting *Carson v. Makin*, 596 U.S. 767, 778 (2022)). The court also found that the county had denied those benefits based solely

upon the organization's policy of hiring only coreligionists, which the court described as "part of what gives religious organizations their religious character." *Id.* at *3.

*Gracehaven* does not help plaintiffs here because it is an application of a line of cases involving the denial of public benefits based solely on a recipient's religion. *See id.* at *1-2. This case does not involve the denial of public benefits; it involves generally applicable employment discrimination laws. Moreover, *Gracehaven* itself overreads the cases on which it relies, which principally concern whether the government may deny public benefits simply because the would-be recipient organization *is religious*, not because of religiously motivated practices in which the organization may engage. *See Carson*, 596 U.S. at 787; *Espinoza v. Montana Dep't of Revenue*, 591 U.S. 464, 476 (2020); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 419, 462 (2017).

Further, *Gracehaven*'s application of strict scrutiny is not instructive here. *Gracehaven* characterized the county's action as "target[ing] religious conduct for distinctive treatment." 2025 WL 1158079, at *4 (quoting *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 546 (1993)). Here, by contrast, plaintiffs are challenging a generally applicable antidiscrimination law, supported by the state interest in eliminating employment discrimination. (ECF 27-1, at 31.)

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Jeffrey Luoma
JEFFREY S. LUOMA (Federal Bar No. 30791)
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
jluoma@oag.state.md.us
(410) 576-6441
(410) 576-6955 (facsimile)

Date: May 15, 2025               *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, I filed the foregoing document with the Clerk of Court and served the foregoing document on all counsel of record and any other registered users through the Court's CM/ECF system.

/s/ Jeffrey S. Luoma
Jeffrey S. Luoma